UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KRISTAN STOVALL,<br>Plaintiff,<br>v.<br>ALIGN TECHNOLOGY, INC.,<br>Defendant. | Case No. 5:18-cv-07540-EJD<br>**ORDER GRANTING JUDGMENT AS A MATTER OF LAW; GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION TO TRANSFER**<br>Re: Dkt. Nos. 13,18, 20 |
|---|---|

## I. INTRODUCTION

Plaintiff Kristan Stovall ("Plaintiff") is a former employee of Defendant Align Technology, Inc. ("Defendant"). Plaintiff initiated this suit in state court, asserting that Defendant unlawfully terminated and discriminated against her on the basis of age and gender in violation of California law. Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441(b). Presently before the court is Defendant's motion for judgment on the pleadings, or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). Dkt. No. 13. Defendant contends that Plaintiff's claims are not cognizable because California law does not apply extraterritorially to wrongful conduct that did not occur in California. Plaintiff does not oppose the motion for judgment on the pleadings, except to the extent Defendant seeks dismissal with prejudice (Dkt. No. 16), and requests leave to file an amended complaint to cure the perceived deficiencies in the complaint ( Dkt. Nos. 18, 20). Plaintiff opposes the motion to transfer.

The court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's

motion for judgment on the pleadings will be granted as unopposed; Plaintiff's motion for leave to amend the complaint will be granted; and Defendant's motion to transfer will be denied.

## II. BACKGROUND

Plaintiff resides in Tennessee. Complaint ¶ 1. Defendant is a global, medical device company that designs, manufactures and markets clear orthodontic and dental products to help straighten teeth. *Id*. Defendant is a Delaware corporation with its executive and principal office located in San Jose, California. *Id*. In April of 2013, Defendant hired Plaintiff as a Territory Manager in the Nashville, Tennessee area. *Id*. ¶ 5. For the next several years, Plaintiff received outstanding performance appraisals and met or exceeded her revenue targets. *Id*. ¶¶ 6-7. In April of 2017, Plaintiff was assigned a new manager, Spencer Richardson ("Richardson"). *Id*. ¶ 8. In the year that followed, Richardson allegedly discriminated against Plaintiff on the basis of age and gender. *Id*. ¶¶ 8-11. On May 11, 2018, Plaintiff contacted Defendant's Human Resources Department regarding her treatment. *Id*. ¶ 11. A few days later, Richardson placed Plaintiff on a Performance Improvement Plan ("PIP"). *Id*. On July 10, 2018, Plaintiff, who was forty years old at the time, was terminated and replaced by a single female in her early twenties. *Id*. ¶ 20.

## III. DISCUSSION

### A. **Motion for Judgment on the Pleadings**

Defendant's motion for judgment on the pleadings is granted as unopposed (Dkt. No. 16) and with leave to amend for the reasons discussed below.

### B. **Motion for Leave to File Amended Complaint**

Plaintiff seeks leave to file an amended complaint to add additional factual allegations and to assert new claims for discrimination and retaliation under federal law.

Leave to amend under Federal Rule of Civil Procedure 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the

opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Here, Defendant raises essentially two arguments in opposition to Plaintiff's motion for leave to amend. First, Defendant contends that Plaintiff unreasonably delayed filing her motion. Defendant reasons that many of the facts Plaintiff seeks to include in her amended complaint could have and should have been asserted four months ago when she filed her original complaint. Although Defendant raises a valid point, delay alone is insufficient to justify denying Plaintiff leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Second, Defendant contends that the timing of the proposed amendments suggests improper forum shopping. Defendant reasons that Plaintiff had several opportunities to amend her complaint as a matter of course, but sought leave to amend only after Defendant filed the instant motion for judgment on the pleadings. The argument is unpersuasive. It is entirely permissible, and indeed common practice, for a party to request leave to amend when faced with a motion challenging the sufficiency of a complaint.

In the absence of undue prejudice, bad faith, futility, undue delay, and in the interest of justice, Plaintiff may amend her complaint.

### C. Motion to Transfer

Defendant moves to transfer this action to the Middle District of Tennessee, where Plaintiff resides and was allegedly subjected to discrimination and eventually terminated.

A court may transfer an action to another district where the action might have been brought for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether to transfer an action pursuant to section 1404(a), the court considers the following factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local

Case No.: 5:18-cv-07540-EJD
ORDER GRANTING JUDGMENT AS A MATTER OF LAW; GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION TO TRANSFER

3

interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Alul v. American Honda Motor Company, Inc.*, No. 16-04384 JST, 2016 WL 9116934 (N.D. Cal. Dec. 7, 2016) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

Here, Defendant has not shown that the factors above clearly favor transfer. California is Plaintiff's chosen forum. Defendant is not inconvenienced by litigating in this court because it maintains its executive and principal business in San Jose, California. Although some of the key witnesses, including Plaintiff and Richardson, are located in Tennessee, there are other witnesses located in California. Specifically, William Ayala, Jennifer Erfurth, and Marni Beck are located in California. Plaintiff alleges that she reported Richardson's conduct to Defendant's human resources department in San Jose, and communicated her concerns directly to Mr. Ayala, Defendant's Human Resources Business Partner. The decision to terminate Plaintiff was made by Mr. Ayala and Richardson. Ms. Erfurth, Align's former Vice President of Global Human Resources, offered Plaintiff her job. Ms. Beck is the Regional Sales Manager of Northern California. In this digital age, other evidence is accessible both in California and Tennessee. Finally, none of the remaining factors—familiarity of each forum with the applicable law, feasibility of consideration of other claims, local interest in the controversy, and the relative court congestion and time of trial in each forum—clearly favors transfer.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is GRANTED as unopposed; Plaintiff's motion for leave to file an amended complaint is GRANTED; and Defendant's motion to transfer is DENIED.

Case No.: 5:18-cv-07540-EJD
ORDER GRANTING JUDGMENT AS A MATTER OF LAW; GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION TO TRANSFER
4

Plaintiff shall file her amended complaint as a separate docket entry on ECF forthwith.

**IT IS SO ORDERED.**

Dated: August 21, 2019

                                              EDWARD J. DAVILA
                                              United States District Judge