UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTAN STOVALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　　Defendant. | Case No. 5:18-cv-07540-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 39(b)**<br><br>Re: Dkt. Nos. 28, 34 |

## I.　INTRODUCTION

Plaintiff Kristan Stovall ("Plaintiff") is a former employee of Defendant Align Technology, Inc. ("Defendant"). Plaintiff initiated this suit in state court, asserting that Defendant unlawfully terminated and discriminated against her on the basis of age and gender in violation of California law. Defendant filed an answer and the next day removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441(b). Plaintiff thereafter sought and was granted leave to file a First Amended Complaint ("FAC"). Dkt. No. 26.

Presently before the court is Defendant's motion to dismiss and to strike the jury demand. Dkt. No. 28. Plaintiff filed an opposition and a separate motion for relief under Federal Rule of Civil Procedure 39(b). Dkt. Nos. 31, 34. The court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's motion to dismiss will be granted in part and denied in part,

and Plaintiff's motion will be denied.

## II. BACKGROUND[1]

Plaintiff resides in Tennessee. FAC ¶ 4. Defendant is a global medical device company that designs, manufactures and markets clear orthodontic and dental products to help straighten teeth. *Id.* ¶ 5.

In April of 2013, Plaintiff submitted her application for employment to Defendant's headquarters in San Jose. *Id.* ¶ 8. Defendant offered Plaintiff a position and she sent her acceptance to Defendant's headquarters. *Id.* ¶ 11. Plaintiff was required to sign the Company Employee Handbook as well as the Proprietary Information and Inventions Agreement ("Proprietary Agreement") as a condition of employment. *Id.* ¶¶ 9-10. Plaintiff also signed a "Confidentiality and Non-Disclosure Agreement" ("NDA"). *Id.* ¶ 11.

Plaintiff began her employment as a Territory Manger in Nashville. *Id.* She completed training and met 99% of her revenue targets for 2013. *Id.* ¶ 12. For the next several years, Plaintiff received outstanding performance appraisals and met or exceeded her revenue targets. *Id.* ¶¶ 12-13.

In April of 2017, Plaintiff took maternity leave for three months. *Id.* ¶ 14. Upon her return, Plaintiff was assigned a new manager, Spencer Richardson ("Richardson"), who presumably was also located in Nashville. *Id.* ¶ 14. In the year that followed, Richardson allegedly discriminated against Plaintiff on the basis of gender. *Id.* ¶¶ 14-16. Plaintiff discussed Richardson's conduct with her male colleagues, her former manager, Russell Wharton, and Defendant's Regional Sales Manager for Northern California, Marni Beck. Plaintiff also reported Richardson's conduct to Human Resources in California. *Id.* ¶¶ 15, 17. Thereafter, Richardson demanded more of Plaintiff than of her five male co-workers, including requiring Plaintiff to attend different company-related events on weekends and to submit related reports. *Id.* ¶ 15.

---

[1] The Background is a summary of the allegations in the First Amended Complaint.
Case No.: 5:18-cv-07540-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 39(b)

2

Plaintiff took disability leave from April 20, 2018 through May 5, 2018 to recover from a broken foot. *Id*. ¶ 16. Upon her return to work, Richardson told Plaintiff that he had received negative feedback from three doctors (who are presumably Defendant's clients or potential clients) regarding Plaintiff. *Id*. One of the doctors denied saying anything negative about Plaintiff. *Id*. Richardson also criticized other areas of Plaintiff's work performance, including her call entries and doctor reports. *Id*.

On May 11, 2018, Plaintiff contacted Defendant's Human Resource Department in San Jose regarding Richardson's treatment of her. *Id*. ¶ 17. Plaintiff spoke to Will Ayala ("Ayala"), Defendant's HR Director and Business Partner, and told him that she believed Richardson had engaged in a pattern and practice of treating her differently than her male colleagues. *Id*. A few days later, Richardson placed Plaintiff on a Performance Improvement Plan ("PIP") without giving her any prior warnings. *Id*. Richardson's stated reason for the PIP was that Plaintiff's results for 2017 were well below the regional, area and national averages. *Id*. ¶ 18. This representation was false. *Id*. Richardson set sales goals for Plaintiff to achieve by the end of Q2 2018: "95% or above in CCA and 100% GP. *Id*. These sales goals were "unrealistic." *Id*. By the end of Q2, Plaintiff achieved "92% of CCA and 97% GP" and had outperformed three of her six sales team members. *Id*.

On July 10, 2018, Plaintiff was terminated. *Id*. ¶ 19. The decision to terminate Plaintiff was made by Richardson and Ayala. *Id*. Ayala "directed, oversaw, and ratified the decision from California." *Id*. Ayala participated in the conference call when Plaintiff was notified of her termination. *Id*. At the time Plaintiff was terminated, she was forty-one years old. *Id*. ¶ 20. Plaintiff was replaced by a younger, single female in her early twenties. *Id*.

Plaintiff's First Amended Complaint includes claims for: (1) Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964; (2) Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) Retaliation in Violation of Title VII; (4) Breach of Contract; (5) Breach of the Covenant of Good Faith and Fair Dealing; (6) Sex

Case No.: 5:18-cv-07540-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 39(b)
3

Discrimination in Violation of California Government Code section 12940, the Fair Employment and Housing Act ("FEHA"); (7) Age Discrimination in Violation of FEHA; and (8) Wrongful Termination in Violation of Public Policy.

**III. DISCUSSION**

    **A. Motion to Dismiss**

Defendant moves to dismiss the fourth through eighth causes of action. Defendant contends that these causes of action are not cognizable because California law does not apply extraterritorially to wrongful conduct that did not occur in California. Plaintiff concedes that the fourth and fifth causes of action should be dismissed, but contends that the sixth through eighth causes of action are cognizable because Defendant directed and controlled employee activities from its headquarters in San Jose, California, and some of the discriminatory treatment occurred in California. Pl.'s Opp'n at 4.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

"Ordinarily, state statutes are not given extraterritorial effect." *Russo v. APL Marine Services, Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015). Furthermore, evidence of legislative intent makes clear that FEHA "should not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California," even though the statute imposes no residency requirement and expresses no limitation based on where the allegedly unlawful conduct occurred. *Campbell v. Arco Marine, Inc.*, 42 Cal.App.4th 1850, 1860 (1996); *see also Rulenz v. Ford Motor Co.*, No. 10-1791 GPC, 2013 WL 2181241, at *3 (S.D. Cal. May 20, 2013). In other words, the extraterritorial application of FEHA is determined by "the situs of both employment and the material elements of the cause of action." *Russo*, 135 F. Supp. 3d at 1094. "[T]o properly plead a FEHA claim, a plaintiff must sufficiently allege the tortious conduct occurred in the state of California." *Rulenz*, 2013 WL 2181241, at *3.

Here, Plaintiff resides and worked for Defendant outside of California. FAC ¶¶ 4, 11. The majority of the allegedly discriminatory conduct also took place outside of California. Nevertheless, the ultimate discriminatory action—Plaintiff's termination—was "directed, overs[een], and ratified" by Ayala from California. *Id.* ¶ 19. Ayala also participated in the conference call when Plaintiff was notified of her termination. *Id.* Unlike in *Buchanan v. NetJets Services, Inc.*, No. 18-812 EJD (N.D. Cal. April 24, 2018), *Dodds-Owens v. Kyphon, Inc.*, No. 06-3988 JF, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5. 2007), and *Gonsalves v. Infosys Technologies, Ltd.*, No. 09-4112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010), Plaintiff in this case identifies by name the individual who engaged in discriminatory conduct in California and specifies what actions he took in California. At the pleading stage, Plaintiff's allegations, although thin, are sufficient to state cognizable claims under California law. *Poehls v. ENSR Consulting and Eng'g*, No. 04-8885 MMM, 2006 WL 8431770, at *33 (C.D. Cal. Aug. 31, 2006) ("So too, the fact that ENSR Consulting allegedly directed or participated in the decision to terminate Poehls' employment or revoke the offer of employment might permit application of

Case No.: 5:18-cv-07540-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 39(b)
5

FEHA.").

### B. Motion For Relief Under Fed. R. Civ. P. 39(b)

Defendant contends that Plaintiff has waived her right to a jury trial because she failed to make a timely jury demand after removal in accordance with Federal Rule of Civil Procedure 81(c). Although Plaintiff does not deny that she failed to properly demand a jury, she nevertheless requests that the court exercise its discretion under Rule 39(b) and allow a jury trial in this case.

Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). A court's discretion under Rule 39(b) is "narrow," however, and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ldt*, 239 F.3d 1000, 1002-03 (9th Cir. 2001) (citing *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983). A court may not grant relief when the failure to make a timely demand is the result of a "good faith mistake of law." *Id*.

Here, Plaintiff acknowledges that "there may have been a mistake" as to the applicability of Rule 81(c)(3)(A), but proffers several reasons for the court to grant her relief. Pl.'s Mot. at 4. She asserts that she followed the statutory procedures employed by California law regarding demanding a jury trial. She asserts that she could not have demanded a jury on her federal causes of action because they were not part of her original complaint, which only listed state law claims. *Id*. She asserts that she fulfilled the purpose of the jury demand requirement in Rule 38 by including a demand for jury in a footnote to her General Order No. 71 Initial Discovery Protocols and again in the First Amended Complaint. *Id*. Further, Plaintiff asserts that Defendant cannot claim any prejudice because the case is in its early stages. *Id*. Finally, Plaintiff asserts that she never knowingly or voluntarily waived her right to a jury trial.

The Ninth Circuit has made clear that the trial court does not have discretion to grant relief under Rule 39(b) where the failure to make a timely jury demand was the result of oversight,

Case No.: 5:18-cv-07540-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 39(b)

6

inadvertence, or a good faith mistake of law. *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ldt*, 239 F.3d at 1002-03. Plaintiff in the instant case has acknowledged that there may have been a mistake. This court is bound by the *Pac. Fisheries Corp.* decision, no matter how reasonable or sensible Plaintiff's actions may appear to have been.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED as to the fourth cause of action for breach of contract and the fifth cause of action for breach of the implied covenant of good faith and fair dealing, and DENIED in all other respects. Defendant's motion to strike Plaintiff's jury demand is GRANTED and Plaintiff's motion for relief is DENIED. Plaintiff shall file and serve a Second Amended Complaint consistent with this Order no later than January 31, 2020.

**IT IS SO ORDERED.**

Dated: January 17, 2020

EDWARD J. DAVILA
United States District Judge