# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KRISTAN STOVALL,<br>   Plaintiff,<br>v.<br>ALIGN TECHNOLOGY, INC.,<br>   Defendant. | Case No. 18-cv-07540-EJD (VKD)<br><br>**ORDER RE MAY 17, 2021 DISCOVERY DISPUTE LETTER; RECOMMENDATION RE DEADLINE FOR *DAUBERT* MOTIONS**<br><br>Re: Dkt. No. 77 |

Plaintiff Kristan Stovall and defendant Align Technology, Inc. ("Align") ask the Court to resolve a dispute concerning Align's discovery of Ms. Stovall's expert. Dkt. No. 77. In addition, Align asks the Court to extend the deadline set by the presiding judge for the filing of *Daubert*[1] motions. The Court held a hearing on the matter on May 25, 2021. Dkt. No. 79. The parties made a supplemental submission on May 27, 2021. Dkt. No. 80.

For the reasons explained below, the Court concludes that Align is not entitled to obtain the discovery it seeks of Ms. Stovall's expert. The Court also recommends that the deadline for filing *Daubert* motions be extended.

**I.  BACKGROUND**

In this action, Ms. Stovall alleges that Align discriminated against her on the basis of age and sex with respect to her employment. She asserts six claims for relief arising under both federal and state law. Dkt. No. 42.

On October 14, 2020, the parties participated in private mediation with the Honorable

---
[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Bonnie Sabraw (Ret.). Dkt. No. 52 at 5; Dkt. No. 77 at 2, 6. One week before the mediation, on October 7, 2020, Ms. Stovall's economic expert Vanessa Hill prepared a report calculating Ms. Stovall's lost earnings and benefits, which formed the basis for Ms. Stovall's demand at the mediation. Dkt. No. 77 at 2. Ms. Stovall states that the report was prepared and provided to Align solely for purposes of the parties' mediation. *Id.* at 6 and Ex. A (Hill Dep. 129:12-19). In its portion of the discovery dispute submission, Align does not dispute Ms. Stovall's characterization of the report, and Align's counsel conceded at the hearing that he understood the report was prepared and provided to Align for purposes of mediation. The parties' supplemental submission reflects that due to restrictions relating to the COVID-19 pandemic, the mediation was conducted via Zoom, and the parties were not asked to sign a written agreement concerning materials and information exchanged as part of the mediation. Dkt. No. 80, Ex. B.

On January 12, 2021, Ms. Stovall disclosed Ms. Hill as a testifying expert under Rule 26(a)(2) of the Federal Rules of Civil Procedure and provided a report describing her opinions and the bases for those opinions. Dkt. No. 77 at 2.

On April 30, 2021, Align took Ms. Hill's deposition. *Id.*, Ex. A. During the deposition, Align's counsel asked Ms. Hill questions about her October 2020 report; Ms. Stovall's counsel objected and instructed Ms. Hill not to answer. *Id*. at 2, 6 and Ex. A (Hill Dep. 127:14-130:5). Align now moves to compel Ms. Hill's testimony about her October 2020 report and to compel production of unspecified documents "regarding" that report. *Id.* at 2.

## II. DISCUSSION

The Court first considers Align's request for discovery of Ms. Hill's October 2020 report, and then addresses the parties' dispute regarding an extension of the deadline for a hearing on *Daubert* motions.

### A. Discovery of Hill October 2020 Report

Align argues that discovery of Ms. Hill's October 2020 report is relevant to this action because it will show that she biases her opinions to fit a desired outcome and that her opinions are based on an unreliable methodology. *Id.* at 3-5. In her portion of the discovery dispute submission, Ms. Stovall argues that discovery is barred by the "mediation privilege" reflected in

Rule 408 of the Federal Rules of Evidence. *Id.* at 6; *see also id.*, Exs. A, B. Ms. Stovall also seems to suggest that the discovery is not relevant because Ms. Hill prepared the October 2020 report before Align produced substantial discovery. *Id.* At the hearing on this matter, Ms. Stovall argued for the first time that discovery of the report also is barred by California's mediation privilege embodied in the California Evidence Code.[2] Dkt. No. 79.

"Under Federal Rule of Evidence 501, privileges provided by state law apply in civil actions only 'with respect to an element of a claim or defense as to which State law supplies the rule of decision.'" *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (quoting Fed. R. Evid. 501). For this reason, with respect to Ms. Stovall's federal claims, the California Evidence Code does not apply. As to those claims, the Court agrees with Align that the Ninth Circuit has not construed Rule 408 as embodying a "mediation privilege" prohibiting the discovery of all communications exchanged in mediation or settlement discussions. At least two judges in this District have declined to find such a privilege. *See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568 (N.D. Cal. 2008); *Matsushita Elec. Indus. Co. v. MediaTek, Inc.*, No. C-05-3148 MMC (JCS), 2007 WL 963975 (N.D. Cal. Mar. 30, 2007); *see also In re MTSG, Inc.*, 675 F.3d 1337, 1342-48 (Fed. Cir. 2012) (finding no federal privilege for settlement negotiations in matters arising under patent laws); *but see Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties."). Rather, Rule 408 precludes admission of evidence of settlement or mediation communications "to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a).

The Court is reluctant to entertain Ms. Stovall's argument, made belatedly at the hearing,

---

[2] The parties' May 27, 2021 supplemental submission includes an extended discussion of the California Evidence Code and other arguments. However, the Court requested only a supplemental submission regarding the circumstances of the parties' private mediation. The Court did not authorize further briefing on any other matter and does not consider this additional, unauthorized briefing.

3

that the California Evidence Code applies to her state law claims. However, even if the Court accepts Ms. Stovall's argument that the California Evidence Code protects materials like Ms. Hill's October 2020 report from discovery,[3] that argument would apply only to Ms. Stovall's state law claims. At the time of the parties' mediation, the operative complaint included both federal and state claims. *See* Dkt. No. 42. Neither party suggests that Ms. Hill's expert testimony is offered only in support of Ms. Stovall's state law claims.

Nevertheless, the Court concludes that the additional testimony and documents Align seeks concerning Ms. Hill's October 2020 report are not discoverable. Ms. Stovall provided Ms. Hill's report solely for purposes of the mediation, and Align clearly understood that. Align's counsel did not refuse the report or communicate to Ms. Stovall's counsel that Align intended to treat the report in a manner inconsistent with the expectations Ms. Stovall had communicated. Because both parties understood that Ms. Stovall provided the report solely for purposes of their mediation, and because Align behaved in a manner that indicated it acquiesced in that understanding, it would be unfair to now permit Align to use the report for a different purpose. The absence of a signed writing memorializing the parties' understanding does not alter the Court's assessment. As the Court observed at the hearing, had the mediation occurred under the auspices of the Court's ADR program, there is no question that Align could not use the report "for any purpose . . . in any pending or future proceeding in this Court." *See* ADR L.R. 6-12(a)(3). In view of the parties' mutual understanding of the purpose for which Ms. Stovall provided Ms. Hill's October 2020 report, the Court denies Align's request to obtain further discovery of Ms. Hill regarding that report.

**B.     Extension of Deadline for *Daubert* Motions**

Align requests an extension of the deadline for a hearing on a *Daubert* motion challenging Ms. Hill because it did not take her deposition until after the current deadline had passed. Ms. Stovall opposes extension of the deadline based on her understanding that Judge Davila has

---

[3] Under California law, except as expressly provided, "[a]ll communications, negotiations, or settlement discussions by and between participants in the course of a mediation . . . shall remain confidential." Cal. Evid. Code § 1119(c). Additionally, "[n]o writing . . . that is prepared for the purpose of . . . a mediation . . . is admissible or subject to discovery." Cal. Evid. Code § 1119(b).

4

already considered the question of whether the deadline should be extended and declined to extend it. Ms. Stovall's counsel suggested that the parties could or should raise challenges to the other side's experts as motions in limine.

The Court does not understand why Align did not ask Judge Davila to extend the deadline for hearing *Daubert* motions when the parties sought an extension of the expert discovery cut-off, as Align had already taken Ms. Hill's deposition and was aware that the deadline for filing a *Daubert* motion had long passed at the time the parties filed their stipulation. *See* Dkt. No. 75. As the Court will not compel additional discovery of Ms. Hill's October 2020 report, Align has no other justification for extension of the deadline.

However, as this matter will be tried to the Court and not to a jury, the Court expects that Judge Davila may prefer to have serious challenges to an expert briefed and heard in advance of the parties' pretrial deadline for filing motions in limine.[4] For this reason, the Court recommends that the deadline to hear *Daubert* motions be extended to allow both parties to bring such motions.

## III. CONCLUSION

For the reasons stated above, the Court denies Align's request for further discovery of Ms. Hill's October 2020 report, and recommends that the presiding judge extend the deadline for hearing *Daubert* motions to a date convenient to the Court's schedule.

**IT IS SO ORDERED.**

Dated: May 28, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] The Court questions whether a motion in limine is an appropriate vehicle for raising challenges to an expert, as Ms. Stovall suggests, given that Judge Davila set a specific deadline for hearing *Daubert* motions with which neither party complied.

5